[No. 2058.]

THE LEXINGTON GOLD MINING COMPANY v. THE JEFFERSON MINING COMPANY.

1. CONTRACTS—CONVEYANCES—SPECIFIC PERFORMANCE—MINES AND MINING.

An agreement to convey a certain described part of a mining claim, which required a simple conveyance of the land without exception or reservation, was not complied with or satisfied by the tender of a deed containing reservations and conditions as to the rights of the contracting parties to follow the dip of veins involved.

2. CONVEYANCES—DELIVERY—ACCEPTANCE—AUTHORITY OF ATTORNEY TO BIND CLIENT.

An attorney at law merely by his employment as legal adviser is not authorized to accept for his client a deed. And where in performance of a contract to convey part of a mining claim, the grantor executed to the grantee, a deed which was delivered to and accepted by the attorney for the grantee, with the statement that it would be accepted by his client, but when the deed was presented by the attorney to his client it was promptly rejected on the ground that it did not comply with the agreement to convey, the acceptance by the attorney was not binding on his client, and there was no acceptance of the deed by the grantee.

*Error to the District Court of El Paso County.*

Mr. J. STANLEY JONES and Mr. CHARLES C. BUTLER, for plaintiff in error.

Messrs. MORRISON & DeSOTO, for defendant in error.

THOMSON, J.

Prior to the 20th day of January, 1896, the plaintiff in error made application for a United States patent to its Mattie L. lode claim, and the defendant in error made application for a United States patent to its Clara D. lode claim. The two claims conflicted in their surface boundaries, and adverse proceedings were instituted to determine the title to the ter-

ritory in dispute.  Pending these proceedings, the parties adjusted their controversy, and the appellant executed and delivered to the appellee the following instrument in writing:

" This agreement, made this 20th day of January, 1896, between The Lexington Gold Mining Company, party of the first part, and The Jefferson Mining Company, party of the second part, witnesseth :  That whereas the party of the second part has allowed judgment to be taken in the District Court of El Paso County, state of Colorado, in a case involving the right to patent the Clara D. lode, embracing a certain area in conflict with the Mattie L. lode, owned by The Jefferson Mining Company.  Now, therefore, party of the first part agrees forthwith to enter the Clara D. lode for patent, and as soon as receiver's receipt is obtained for the same, without further consideration or demand, to convey to the party of the second part, its successors and assigns, the following described piece or parcel of ground.  (Here follows description.)

" In witness whereof, the parties  of the first and second parts set their names by the hands of their presidents and their corporate seal, this 21st day of January, 1896.

"THE LEXINGTON GOLD MINING CO.  [Seal]

" By G. LAVAGNINO, Vice President.

" J. S. JONES, Secretary."  [Seal]

This suit was commenced by the defendant in error to compel the conveyance to it of the land described in the foregoing instrument.  The complaint alleged that after the execution of the contract, the defendant entered the Clara D. lode mining claim for patent, including the premises described in the contract, and that afterwards the plaintiff demanded of the defendant, and the defendant refused, a conveyance in accordance with the terms of the contract. The answer averred that on the 11th day of November, 1896, the plaintiff requested the defendant to execute a deed conveying the premises to the plaintiff, and containing, in addition to words of conveyance, the following conditions :

"That the grantee herein may follow on the dip into the said Clara D. lode all veins, lodes and ledges throughout their entire depth, the tops or apices of which lie inside the exterior boundaries of the piece or parcel of ground hereinbefore granted, or within any part of the Mattie L. lode mining claim owned by the said Jefferson Mining Company; and that the grantor may follow on the dip into the aforesaid piece of ground all veins the tops or apices of which lie inside that part of said Clara D. lode owned and reserved by grantor;" that the defendant thereupon executed a deed in accordance with the plaintiff's request; and that the deed so executed was delivered to, and accepted by, the plaintiff, and was afterwards, at the instance of the plaintiff, duly recorded. This deed was dated September 14, and acknowledged November 12, 1896.

The contract required a simple conveyance of the land, without exception or reservation. The deed on which the defendant relies was not a compliance with the contract, and unless it was accepted as such by the plaintiff, it avails the defendant nothing. To prove acceptance by the plaintiff, the following letters were introduced:

"Morrison & DeSoto,
  "Attorneys at Law,
    "Equitable Building.

                    "Denver, Colo., November 11, 1896.
"J. S. Jones.

"Dear Sir: I have had several conversations with President of The Jefferson Company about that deed on the Clara D. He insists on deed in the form we drew and sent you, and we suggested as a compromise a deed as you have drawn it changing the words 'the tops or apices of which lie inside the exterior boundaries or piece or parcel of ground hereinbefore described,' into the words, 'the tops or apices of which lie inside the exterior boundaries of the ground above granted or within any part of the Mattie L. lode mining claim owned by the said Jefferson Mining Company.'

If you assent to this change I will draw the deed accordingly, or if you expect to be here within a few days, I will defer the matter until you come.   I enclose you diagram.

"Yours truly,

"R. S. MORRISON."

"MORRISON & DESOTO,

"Attorneys at Law,

"Equitable Building.

DENVER, COLO., November 14, 1896.

"J. STANLEY JONES.

Dear Sir: Yours enclosing substitute deed Lexington Co. to Jefferson Co. dated September 14, 1896, at hand.   The enclosed deed being in accordance with the proposition made you it will be accepted by our company and delivered to them.   We return, canceled before enclosure, the deed of same date for which it is a substitute.   With special acknowledgment of unusual promptness, we remain,

"Yours truly,

"MORRISON & DESOTO."

The defendant then introduced the following further correspondence:

"MORRISON & DESOTO,

"Attorneys at Law,

"Equitable Building.

"DENVER, COLO., December 5, 1896.

"J. S. JONES.

"Dear Sir: On Receipt of your Lexington deed to The Jefferson Co. we at once notified the Company, who have informed us that they will not accept it with the reservation of the dip which it contains.   We therefore return it and enclose the deed which they wish signed.   We regret this very much as we supposed that the deed would be acceptable in the form last drafted by you, but are compelled to say that the deed was declined and we were notified to inform you in terms to that effect.

"Yours truly,

"MORRISON & DESOTO."

"CRIPPLE CREEK, Colo. Dec. 7th, 1896.
"HON. R. S. MORRISON:

"Dear Sir: Replying to yours of the 5th inst., enclosing another deed to the area in conflict between the 'Mattie L.' 'Clara D.' claims. I am instructed by The Lexington Gold Mining Co. to state that it will not execute the same, nor grant any other deed than that already accepted by The Jefferson M. Co.

"Resp'y yours,
"J. S. JONES,
"Secretary of The Lexington G. M. Co."

"CRIPPLE CREEK, May 2d, 1897.
"HON. R. S. MORRISON.

"Dear Sir: Replying to yours of the 1st inst. I return the deed which was forwarded to me Dec. 5th, 1896, the form of which was suggested partly by you, and approved by your letter of November 14, 1896. Prior to this time The Jefferson Co. had received another deed and without objection held the same for more than one month. I am convinced that the deed dated Sept. 14th, 1896 (herewith returned), is an equitable and fair compliance with the intent and spirit of the agreement made by the two companies to divide the area in conflict, and because of this belief, and the acts of acceptance by The Jefferson Co. (which at the time held the same view) The Lexington Co. will tender no other deed.

Very respectfully,
"J. S. JONES,
"For The Lexington G. M. Co."

"MORRISON & DESOTO,
"Attorneys at Law,
"Equitable Building.

"DENVER, COLO., May 6, 1897.
"Personal.
"J. S. JONES.

"Dear Sir: Your statement in your letter of May 2d, that we by our letter of November 14th accepted the deed is cor-

rect, and at the time we had no idea but that it was satis-
factory. But by our letter of December 5th, you were in-
formed that the company, as soon as presented with the deed,
rejected it, and directed me to return it, and the deed was
returned and kept. Following this, you and I and the offi-
cers of The Jefferson Company had a long consultation at our
office in which the whole matter was discussed and various
forms of deed suggested, without any intimation on your part
that any deed had been delivered. As a technical proposi-
tion the deed was not delivered because we had no authority
to accept it. Our return of it canceled the acceptance, if
there was one, because you failed to protest or return it. But
I hope you will not drive us to any unpleasant issue on this
point as it would only get us into trouble with our clients,
and show us blameable as assuming to act without consulta-
tion with them.

" Yours truly,

" R. S. Morrison & DeSoto."

As proof of acceptance by the plaintiff of any deed, the
foregoing evidence is a failure. It proves that Mr. Morrison,
who was, inferentially, the legal adviser of the plaintiff, was
himself satisfied with the deed of September 14, and felt sure
it would be accepted by the plaintiff. But merely as coun-
sellor for the plaintiff he could not accept the deed for it, or
bind it by saying it would accept the deed. He could advise
the acceptance of the deed, but the plaintiff was at liberty
to disregard his advice. It appears from this evidence that it
did disagree with him, and refused to take the deed; and that
he so notified Mr. Jones. The defendant did not make even
a *prima facie* case; but the plaintiff, nevertheless, essayed
rebuttal. Certain of its officers were witnesses, and testified
positively to its refusal, by its board of directors, to accept
the deed. This testimony was uncontradicted. The court
decreed a conveyance without conditions, according to the
contract, and its judgment must be affirmed.

*Affirmed.*